TAYLOR ET AL V. TRULOCK ET AL.

1. **Judicial Sale:** SPECIAL EXECUTION: DUTY OF SHERIFF TO FOLLOW DEFENDANT'S PLAN OF DIVISION. Section 3088 of the Code which provides that "at any time before 9 o'clock A. M. of the day of the sale, the defendant may deliver to the officer a plan of division of the land levied-on, subscribed by him, and in that case the officer shall sell according to said plan so much of the land as may be necessary to satisfy the debt and costs, and no more," applies to sales under *special* as well as under *general* executions.

2. ———: DEFENDANT'S PLAN OF DIVISION: DEFINITNESS OF. Where the plan of division furnished the officer by the defendant, under section 3088 of the Code, is such as to be easily intelligible to a person acquainted with the land, and is certain in the sense that it can be made certain, the officer should not disregard it.

*Appeal from Des Moines District Court.*

THURSDAY, OCTOBER 19.

THIS action was brought to foreclose a mortgage. A decree of forelcosure was rendered, and a special execution was issued. Before the sale the defendants delivered to the sheriff a plan of division of the land and demanded of him that he sell in accordance therewith. This he refused to do, and sold in a manner different from the plan, and the plaintiffs became the purchasers. The defendants moved to set aside the sale upon the ground that it was not made in accordance with the plan as they demanded. The court sustained the motion. From the ruling sustaining the motion the plaintiffs appeal.

*J. & S. K. Tracy,* for appellants.

*T. J. Trulock,* for appellees.

ADAMS, J.—Section 3088 of the Code provides that "at any time before nine o'clock A. M. of the day of the sale, the defendant may deliver to the officer a plan of division of the land levied on, subscribed by him, and in that case the officer shall sell according to said plan so much of the land as may be necessary to satisfy the debt and costs, and no more."

1. JUDICIAL sale: special execution: duty of sheriff to follow defendant's plan of division.

The plaintiffs contend that in this case the officer was jus-
tified in disregarding the plan—*first*, because the sale was
upon special execution, and, *second*, because the plan was not
sufficiently definite.

The first question presented then is as to whether the stat-
ute was designed to apply to sales on special execution.	In
support of the plaintiffs' position that it was not, they cite
*Malony v. Fortune*, 14 Iowa, 417.	In that case Baldwin,
Ch. J., referring to a corresponding provision in the Revision,
section 3319, and also sections 3267, 3268 of the Revision re-
specting the duty of the officer to sell only so much of the
property as is necessary to satisfy the debt and costs, said:
"These provisions, we think, apply in sales under general exe-
cutions."	But when we look into the case we see that the
question involved did not necessarily call for a construction
of section 3319 of the Revision respecting the right of the
execution debtor to demand that the sale should be made ac-
cording to a plan of division offered by him.

In that case the decree provided that the mortgaged prop-
erty should all be sold.	The defendants appealed from the
decree, insisting that it was error to order all the property to
be sold, inasmuch as the debt and costs might perhaps be sat-
isfied by a sale of a part. The plaintiffs, the appellees, insisted
that the defendants were not prejudiced, because the officer
was not bound to obey the decree so far as it provided for sel-
ling the whole property, unless necessary, and they gave as a
reason why the officer was not bound to obey the decree that
the statute expressly provided that the officer should sell only
so much as should be necessary; and the statute relied upon
consisted of the sections above cited, one of which pertained
to the mode of selling where a plan of division is offered.

The learned judge said that these provisions apply to sales
on general executions.	He did not say that they could not
apply to sales on special executions.	His thought doubtless
was, that the provisions have their special efficacy in sales on
general executions, because in such sales the statute constitutes

the officer's sole guide.   In the case of a foreclosure, the decree and special execution should direct the sale of only so much of the property as shall be found to be necessary. Where they do so direct, he need not look beyond them to find the same direction in the statute.

The real ground for holding the decree erroneous in *Malony v. Fortune* was that it contravened section 3661 of the Revision, and had the effect, as the court thought, to control the officer, and compel him to sell the whole property whether necessary or not.   Conceding that this would be so, it does not follow that in the case at bar the execution defendants· might not require the officer to sell according to a plan of division furnished by them.   The decree of foreclosure is not set out, but we must presume that it conformed to section 3321 of the Code, and did not direct absolutely the sale of the whole property.   The special execution was in the usual and proper form, directing the sale of so much as should be necessary.   The argument, then, that section 3088 of the Code cannot be applied to this case, because it would require the officer to disobey the decree, is not, in our opinion, sound; nor do we think that *any* objection, which is sound, can be urged to the application.

We come next to consider the objection that the plan of division offered is not sufficiently definite.   The plan of division

2. ——: plan of division: definiteness of.

is shown for the most part by a plat.   We cannot very well set out a copy of the plat and go into a detailed examination of it.   It refers to a portion of the land in a very general way as the north fifty acres of the timber land, also lot 1,————acres south of railroad etc. To a stranger the land described in the plan of division would not necessarily appear to be identical with the land mortgaged. But it is not objected that it is not; and we have no doubt that to a person acquainted with the land the plan of division was easily intelligible, and that it was sufficiently certain in that it could be rendered certain.

No objection appears to have been made, nor is it shown

to us that the officer, in the exercise of reasonable diligence to discharge his duty, could not have made a sale in accordance with the plan. We think that the court did not err in setting aside the sale.

AFFIRMED.