[No. 14318.   Department One. — May 26, 1892.]

## C. HUDEPOHL, Appellant, v. LIBERTY HILL WATER AND MINING COMPANY et al., Respondents.

Sale under Execution — Irregularity — Protection of Bona Fide Purchaser. — An innocent purchaser of property sold under execution, who, as assignee of a redemptioner's right to a sheriff's deed, obtains title under the execution sale without notice of any irregularity in the sale, will be protected therefrom, whether proceeded against by an action or by a motion to set the sale aside.

Id. — Setting Aside Sale en Masse — Showing Required. — A sale of property under execution will not be set aside because sold *en masse*, unless it is made apparent to the court that a larger sum would have been realized from the sale if the property had been sold in parcels, or that the sale of less than the whole tract would have brought sufficient to satisfy the writ.

Id. — Pleading — Absence of Conditions Authorizing Sale en Masse. — In an action to set aside an execution sale, on the ground that the property, consisting of several disconnected parcels of land, was sold *en masse*, it is not sufficient to allege merely that several separate tracts were sold in the lump by the sheriff, but it must be shown by the complaint that none of the conditions which would authorize the sale of all the parcels together existed at the time of the sale.

Id. — Parol Waiver of Sale in Parcels. — A judgment debtor may by parol waive a sale of the land in parcels, and give authority to sell *en masse;* and where it does not appear that the sale was not made *in solido* by express direction of the judgment debtor, or offered in parcels and no bids received, the execution sale will not be set aside because of the sale of the property *en masse.*

Appeal from a judgment of the Superior Court of Nevada County.

The facts are stated in the opinion of the court.

*Gaylord & Searls, C. A. & P. F. Tuttle,* and *Sullivan & Sullivan,* for Appellant.

A sale in mass, under a writ of execution, of real estate, consisting of several known and distinct parcels, will be set aside upon proper application. (*Day* v. *Graham,* 1 Gilm. 443; *Penn* v. *Craig,* 2 N. J. Eq. 497; *Woods* v. *Monell,* 1 Johns. Ch. 505; *Jackson* v. *Newton,* 18 Johns. 361; *Rawley* v. *Brown's Adm'r,* 1 Binn. 61; *Phelps* v. *Con-*

*over*, 25 Ill. 272; *Tyler* v. *Wilkerson*, 27 Ind. 450; *Brad-ford* v. *Limpus*, 13 Iowa, 424; *Bunker* v. *Rand*, 19 Wis. 253; 88 Am. Dec. 684; *Ross* v. *Mead*, 10 Ill. 171; *Fine* v. *St. Louis*, 30 Mo. 166; *Tiernan* v. *Wilson*, 6 Johns. Ch. 411; *King* v. *Thorp*, 21 Iowa, 283; Freeman on Execu-tions, sec. 296; *Vigoreux* v. *Murphy*, 54 Cal. 351; *San Francisco* v. *Pixley*, 21 Cal. 58; *Page* v. *Randall*, 6 Cal. 32.) Such application may be made at the instance of either the debtor or his judgment creditor. (*Groff* v. *Jones*, 6 Wend. 524; 22 Am. Dec. 545; *Raymond* v. *Pauli*, 21 Wis. 534; *Cunningham* v. *Cassidy*, 17 N. Y. 280; *San Francisco* v. *Pixley*, 21 Cal. 59; *O'Donnell* v. *Lindsey*, 39 N. Y. Super. Ct. 529; *Day* v. *Graham*, 1 Gilm. 443; *Cooke* v. *Walters*, 2 Lea, 116; *Winters* v. *Burford*, 6 Cold. 328; *Tyler* v. *Wilkerson*, 27 Ind. 450; *People* v. *Haskins*, 7 Wend. 469; *Browne* v. *Ferrea*, 51 Cal. 553.) The appel-lant is not chargeable with unreasonable delay in the premises. (*Osgood* v. *Blackmore*, 59 Ill. 261; *Walker* v. *Sohun*, 42 Ill. 462; *Fergus* v. *Woodworth*, 44 Ill. 378; *Ray-mond* v. *Pauli*, 21 Wis. 534; *Vigoreux* v. *Murphy*, 54 Cal. 352; *Boyle* v. *Dalton*, 44 Cal. 333.) The respondent Smith cannot avail herself of the defense of a *bona fide* purchaser, in order to defeat the appellant's rights herein. (*Browne* v. *Ferrea*, 51 Cal. 552.) The appellant has not mistaken his remedy in the premises. Where a third person becomes the purchaser at execution sale, or where the purchaser conveys to a third person, the proper remedy to set aside the sale is by bill in equity, and not by motion. (*San Francisco* v. *Pixley*, 21 Cal. 60; *Bryan* v. *Berry*, 8 Cal. 135.)

*Cross & Hall*, for Respondents.

The complaint does not state facts sufficient to con-stitute a cause of action, because it does not allege that the sheriff sold the several parcels *en masse*, without first offering the parcels separately and receiving no bids. (Freeman on Executions, sec. 296; *Magge* v. *Helgemeir*, 81 Ind. 120; *Von Valkenburg* v. *Trustees*, 66 Ill. 103; *Hill* v. *Farmers' etc. Bank*, 97 U. S. 450; *Phelps* v. *Conover*, 25 Ill.

275.) The complaint does not state facts sufficient to constitute a cause of action, because it appears from the complaint that the sole interests under the sheriff's sale were, at the time of the commencement of this suit, held by an innocent purchaser, Anna F. Smith. (Freeman on Executions, sec. 296; *Nelson* v. *Bronnenberg*, 81 Ind. 199; *McLean Co. Bank* v. *Flagg*, 31 Ill. 290; 83 Am. Dec. 224; *Mixer* v. *Sibley*, 53 Ill. 61; *Smith* v. *Randall*, 6 Cal. 50; overruling *Day* v. *Graham*, 1 Gilm. 435, cited by appellant's counsel.) Unless it is shown that they had knowledge of this fact, the sale of the land in gross was valid. (*Smith* v. *Randall*, 6 Cal. 52; *Boles* v. *Johnson*, 23 Cal. 227.) The appellant never moved to set aside the sheriff's sale, or took any steps looking to do so, except to file a bill in equity. He alleges in his bill that he obtained his judgment before a sheriff's deed was due upon the sheriff's sale which he now attacks. If this be true, then his remedy was by a motion in the original proceeding to vacate the sheriff's sale, and if necessary, for an order staying the proceedings until he could give proper notice to all the parties in interest. (*Browne* v. *Ferrea*, 51 Cal. 552.)

PATERSON, J. — This is an action to set aside an exetion sale, on the ground that the property, consisting of several disconnected parcels of land, was sold *en masse*.

The court below sustained a demurrer to the complaint, and we think its action was right.

The plaintiff's right to maintain the action rests upon his claim to be a redemptioner by virtue of a judgment rendered in his favor against the defendant corporation in the superior court of San Francisco, of which a transcript of the docket was filed in the county recorder's office in Nevada County, on March 28, 1887. The property had, however, been sold by the sheriff of Nevada County, October 9, 1886, upon a judgment against the same defendant in favor of one Todd, and the defendant Marshall, who also held a judgment lien against the

same property, had redeemed the property from the sale on the 13th of October, 1886.

1. The complaint shows that Marshall, the redemptioner who redeemed the property from the purchaser, sold and conveyed all his rights, including the right to a deed from the sheriff to defendant Anna E. Smith, before plaintiff's judgment became a lien on the property, and it is not alleged that she (Smith) had notice of any irregularity in the sale. "Innocent vendees of the original purchaser will always be protected, whether proceeded against by bill or motion." (Freeman on Executions, 2d ed., sec. 296; *Mixer* v. *Sibley,* 53 Ill. 61; *Nelson* v. *Bunnenburg,* 81 Ind. 199.) The doctrine of the Indiana case cited by appellant, *Piel* v. *Brayer,* has been expressly repudiated in that state. (*Jones* v. *Kokomo Bldg. Ass'n,* 77 Ind. 344.)

2. It is not alleged that the proceeds of the sale were less than they would have been if the land had been sold in separate parcels. Unless it is made apparent to the court that a larger sum would have been realized from the sale if the property had been sold in parcels, or that the sale of less than the whole tract would have brought sufficient to satisfy the writ, the sale will not be set aside. The question is, not what would the property bring if sold now or in the future, but whether the proceeds would have been materially increased, or the execution satisfied, by a sale of less than the whole, if the land had been offered and sold in parcels.

3. It is not sufficient to allege merely that several separate tracts were sold in the lump by the sheriff. (*Riddell* v. *Harrell,* 71 Cal. 262.) Such sales are voidable, not void; and one who seeks to have a sale *en masse* set aside should show that none of the conditions which would authorize the sale of all the parcels together existed at the time of the sale. There was no lien on the property, except that of the judgment creditor, at the time of the sale. The sale may have been made *in solido* by express direction of the judgment debtor; or it may have been offered in parcels and no bids received. The

judgment debtor may by parol waive a sale of the land in parcels, and give authority to sell in mass. (*Smith* v. *Randall*, 6 Cal. 52; *San Francisco* v. *Pixley*, 21 Cal. 59; *Smith* v. *Meldren*, 107 Pa. St. 348.)

The judgment is affirmed.

GAROUTTE, J., and HARRISON, J., concurred.