[S. F. No. 1812.   Department One.—April 26, 1901.]

## T. R. MEUX, Respondent, v. N. M. TREZEVANT et al., Appellants.

FORECLOSURE OF MORTGAGE—SALE UNDER DECREE—DUTY OF COMMISSIONER.—At a sale under a decree foreclosing a mortgage, where the decree followed the description contained in the mortgage, and was assented to by the defendant's attorney, and the order of sale followed the decree, it was the duty of the commissioner, in making the sale, to follow the decree and the order of sale.

ID.—SALE OF VINEYARD PROPERTY IN ONE PARCEL—SETTING SALE ASIDE—FINDING—CONFLICTING EVIDENCE—APPEAL.—Where the mortgage, decree, and order of sale described one forty-acre tract of land, together with a certain quantity of water as appurtenant thereto, which forty-acre tract consisted in fact of a vineyard property and improvements, which was sold in one parcel under the decree, and the mortgagor moved to set the sale aside because his demand to sell the property in two lots was not complied with, a finding, upon conflicting evidence, that the property consisted of one parcel, and that the sale was properly made, will not be disturbed upon appeal.

ID.—MOTION TO SET ASIDE SALE EN MASSE—SHOWING REQUIRED.—Upon a motion to set aside a sale of property *en masse* under a foreclosure decree, it must be clearly shown that the land consisted of separate "known lots or parcels," and that a larger sum would have been realized from the sale of the property if it had been sold in separate lots or parcels, or that the sale of less than the whole tract would have brought sufficient to satisfy the writ; and where it appears that the property sold for its full cash value, and that it would not have brought so much if sold in separate lots, the motion is properly denied.

ID.—RIGHT OF REDEMPTION—INJURY NOT SHOWN.—The mere averment in defendant's affidavit, that he was deprived of the right to redeem either of the two lots of the vineyard property separately, without showing that he desired to or could redeem any part of the property, is insufficient to show that he was injured by the sale.

ID.—SALE UNDER FORECLOSURE NOT READILY DISTURBED—INJURY NOT PRESUMED.—Courts will not set aside a sale under foreclosure for light or trivial reasons. A material departure from the mandates of the decree, or from the law governing such sales, to the injury of the moving party, must be made to appear; and no injury can be presumed from mere irregularities.

APPEAL from an order of the Superior Court of Fresno County denying a motion to set aside a sale under a decree of foreclosure of a mortgage.   J. R. Webb, Judge.

The facts are stated in the opinion.

C. C. Merriam, and L. D. McKisick, for Appellants.

Meux & Johnston, H. M. Johnston, and E. D. Edwards, for Respondent.

COOPER, C.—Appeal from order denying motion to set aside sale under a decree of foreclosure. The mortgage to plaintiff described as part of the premises mortgaged the following: "The northeast quarter of the southwest quarter of section 33, in township 13 south, of range 21 east, Mount Diablo base and meridian, together with one fourth of one cubic foot of water from the Fresno Canal and Irrigation Company's canal, appurtenant to said land."

The decree contained the description precisely as in the mortgage, and after it was prepared and before it was signed, at the request of the judge it was presented to defendant's attorney, who indorsed thereon, "O. K.  M. K. Harris," whereupon it was signed and filed. The order of sale followed the description in the decree. The commissioner duly advertised the property, describing it as described in the decree and order of sale.

On the day of the sale, and at the time and place named in the notice, and before the sale, the defendants served a written demand upon the commissioner that the real estate be sold in separate parcels, to wit: "The county or vineyard property separately as lot one and lot two, block three, Nevada Colony, Fresno County, California, together with one eighth of one cubic foot of water from the Fresno Canal and Irrigation Company's canal, appurtenant to said lots of land, a plat of which colony, showing this division of land of said colony, with lots so numbered and divided, is recorded in the office of the recorder of said Fresno County, and said property is generally known by its description as aforesaid, as colony lots, and also the Fresno City lots also separately as lot 21, block 204; lot 22, block 204; lot 25, block 337; and lot 26, block 337, all in said city of Fresno."

The property referred to in said demand as the county or vineyard property as lot 1 and lot 2 is the said northeast quarter of southeast quarter of section 33, described in the decree and order of sale. The commissioners sold the property in five separate lots, selling the lots in the city of Fresno sep-

arately, but sold the vineyard property in one parcel, as described in the decree and order of sale.

The court properly refused to set aside the sale.

The commissioner, in selling the vineyard property, followed the decree and order of sale. It was his duty to do so. (*Hopkins* v. *Wiard*, 72 Cal. 262; *Heyman* v. *Babcock*, 30 Cal. 367.)

There was a conflict as to whether the land constituted one known parcel or two separate known parcels. In such case the finding of the court below as to such question of fact will not be disturbed here. (*Gleason* v. *Hill*, 65 Cal. 18.) In a motion of this kind it must be made clearly to appear that the land consisted of separate "known lots or parcels." (*Connick* v. *Hill*, 127 Cal. 165.)

In opposition to the unsupported affidavit of defendant N. M. Trezevant, the plaintiff filed many affidavits, in which it was stated that the premises consisted of one vineyard known as the "Trezevant Vineyard," upon which there is a dwelling-house, two wells, a barn, a raisin-house, out-buildings, a small orchard, and the balance in vineyard; that there are no visible monuments or landmarks upon the said land showing any division thereof, but, on the contrary, the imaginary line that would have divided the land in the manner claimed by appellant had been plowed across, and planted in vines running across its entire length, and cultivated regardless of any subdivisions; that the land or vineyard is almost entirely surrounded by levees, fences, and irrigating-ditches, and in order to irrigate the western portion of the vineyard the water must be taken across the eastern portion; that the water right constitutes a lien upon the whole land, and is not capable of segregation and apportionment.

In view of the order of the lower court, we must consider the statements in these affidavits as true. Unless it is made to appear that a larger sum would have been realized from the sale of the property if it had been sold in separate lots or parcels, or that the sale of less than the whole tract would have brought sufficient to satisfy the writ, the sale will not be set aside. (*Hudepohl* v. *Liberty Hill etc. Co.*, 94 Cal. 591.[1] In this case there is no statement in defendant's affidavits tending to show that the property would have brought more if sold sepa-

---

[1] 28 Am. St. Rep. 149.

rately, or that the sale of less than the whole would have satisfied the writ. On the contrary, the affidavits on the part of defendant show without contradiction that the property sold for its full cash value, and that it would not have brought as much as it sold for if it had been sold in separate lots. The only pretense of injury set forth in defendant's affidavit is, that he was injured by said sale in one lot, because it "tended to reduce the number of bidders," and because "it deprived affiant of the right to redeem either of said colony lots separately."

This is clearly insufficient. Defendant does not show that he could redeem, or that he ever desired to or now desires to redeem, any part of said property. Courts will not set aside a sale under foreclosure for light or trivial reasons. It must appear that there has been a material departure from the mandates of the decree, or the law governing such sales, to the injury of the party applying to have the same set aside. Nor can injury be presumed from mere irregularities.

The order should be affirmed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order is affirmed.      Harrison, J., Garoutte, J., Van Dyke, J.