SECURITY SAVINGS BANK OF CEDAR RAPIDS, Appellant, v. D. H. KING et al., Appellees.

**EXECUTION: Sale—in Parcels (?) or en Masse (?)** The sheriff, under a foreclosure execution against an entire tract, has no right, under a plan presented by the debtor, to sell the land in *parcels* for a sum grossly less than the fair value of the property, when he knows that a sale *en masse* can be made for approximately the .fair value of the land.

*Appeal from Jefferson District Court.*—F. M. HUNTER, Judge.

JUNE 24, 1924.

REHEARING DENIED DECEMBER 11, 1924.

PROCEEDINGS on motion to vacate an execution sale of real estate. The motion was overruled, and the plaintiff appeals.— *Reversed and remanded.*

*Starr & Jordan* and *Treichler & Treichler,* for appellant.

*Thoma & Thoma* and *Elgar & Kinney,* for appellees.

STEVENS, J.—This is a proceeding on motion to set aside and vacate a sale of real estate on special execution. We gather from the statement of counsel for appellant, much of which is not based upon the record before us, but which is not denied by appellee, that D. H. and Bessie King, his wife, on March 1, 1920, executed· a mortgage upon a farm of 237 acres to appellant, to secure the payment of an indebtedness of $22,000; that later, the Kings conveyed the land to H. M. Farr, and Farr and. wife to J. J. Dunne and D. B. Coffman, each conveyance being made subject to the mortgage. At the time the decree was entered in the court below, the legal title was held by the defendant Helen F. Rogers, to whom the land had been conveyed, subject to the mortgage. Default occurring in the payment of the interest, an action was commenced in May, 1923, to foreclose the mortgage.

All of the above named parties were made parties defendant. Personal judgment was entered on the note against D. H. and Bessie King, and also against J. J. Dunne and D. B. Coffman for $24,280.25, on September 18, 1923, together with a decree of foreclosure against all defendants. No personal judgment was entered against Helen F. Rogers or her husband, W. K. Rogers. Special execution was issued, and the land advertised for sale by the sheriff. Before 9 o'clock A. M. of the day fixed therefor, Helen F. Rogers presented to the sheriff a plan of division of the land, subscribed by her attorneys, and demanded that it be sold in parcels, in accordance therewith. This the sheriff did. W. K. Rogers was the only bidder, the aggregate of his several bids being $4,300. Deeming the amount offered inadequate, the sheriff adjourned the sale on the day first fixed therefor for three days, when he again offered the land for sale in parcels. The aggregate amount bid at this sale by W. K. Rogers, the sole bidder, was $2,800. The sheriff again adjourned the sale for three days, and on November 15th, the several parcels were sold to Rogers for the aggregate amount of $4,000, and eight separate certificates of purchase were executed to him.

Appellant was represented at each of the sales by its attorney, who demanded that the land be offered *en masse,* and at the same time submitted a bid therefor of $23,500. The sheriff refused appellant's request, and refused to consider its offer as a bid. A motion was filed by appellant to vacate and set aside the sale upon the grounds that the aggregate amount for which the land was sold was grossly inadequate; that Helen Rogers was not the debtor, and had no right to demand that the land be offered for sale in parcels; and that the sheriff exceeded his authority in selling it in parcels at a wholly inadequate price, and in rejecting the proposal of appellant to sell the tract as a whole.

Although appellant offered no direct evidence as to the market value of the land, it appears to be practically conceded by appellees that it was several times the amount received therefor. The total amount due on principal, accrued interest, and costs, as shown by the return of the sheriff, was $25,029.23. The farm is somewhat irregular in shape, all but three of the 40-acre

tracts containing less than the full amount of the government subdivision. The improvements, consisting of a barn, residence, and other buildings, were located on a triangular tract containing 4 1/16 acres. The plan of division furnished the sheriff divided the land into eight parcels, of which the small triangular tract was one. This tract, which, as stated, contained the improvements, was sold for $250. The largest amount bid for any separate parcel was $500. No evidence of the value of the separate parcels was offered. In the absence of some denial or contention to the contrary on the part of appellees, we feel justified in assuming that the value of the land was not substantially less than $23,500, the amount which appellant's attorney informed the sheriff he was authorized to bid on a sale *en masse*.

The decision of the questions involved must rest upon the construction of Section 4032 of the Code, which is as follows:

"At any time before nine o'clock A. M. of the day of the sale, the debtor may deliver to the officer a plan of division of the land levied on, subscribed by him, and in that case the officer shall sell, according to said plan, so much of the land as may be necessary to satisfy the debt and costs, and no more. If no such plan is furnished, the officer may sell without any division."

Our conclusion renders it unnecessary for us to decide the contention of appellant that Mrs. Rogers, to whom the land was conveyed, subject to the mortgage, is not a debtor, within the meaning of the above statute, and had no right to demand a sale in parcels. That the price received for the land was grossly inadequate is apparent. We have repeatedly held that a sale on execution will not be set aside on the ground of mere inadequacy of price. *Copper v. Iowa Tr. & Sav. Bank,* 149 Iowa 336; *Mullaney v. Cutting,* 175 Iowa 547; *Drake v. Brickner,* 180 Iowa 1166.

But the question before us involves more than mere inadequacy of price. The motion of appellant is lacking somewhat in definiteness, and the specification of the grounds upon which the vacation of the sale is asked consists largely of a mere recital of the facts pertaining to the procedure. We deem them sufficient, however, to raise what we regard as the vital question in the case. The statute has for its primary purpose the protection

of the debtor against the sale of a greater portion of his land than is necessary to satisfy the execution levied thereon. In giving it this effect, the interest and rights of the creditor cannot be wholly ignored. The whole of the land was pledged as security for the debt. The mortgage was not taken upon parcels, but upon the land as a whole. The effect of the holding below was to compel the creditor, in order to protect his security, to bid upon each of the separate parcels, and if the aggregate of his bids was less than the value of the entire tract, and insufficient to satisfy the execution in full, to waive a portion of his security, and to enable the debtor to make redemption to the prejudice of his creditor. This the statute does not contemplate. Its design is, as stated above, to prevent the sale of more of the land than is reasonably necessary to discharge the obligation of the debtor. Its effect, when thus construed, is to make it possible to protect both parties from unnecessary loss. While this question is before the court for the first time, our conclusion is not in conflict with any of the cases cited by appellee; but, on the contrary, it is in harmony with the discussion found in numbers of our decisions. We held, in *Connecticut Mut. Life Ins. Co. v. Brown,* 81 Iowa 42, that, if the tract, as a whole, is more valuable and will sell for a larger sum than when offered in parcels, it may be so sold, and the sale will not be open to objection on the part of the landowner. To like effect is *Lamb v. McConkey,* 76 Iowa 47; *Dickinson v. Johnson,* 161 Iowa 253; *Taylor v. Trulock,* 59 Iowa 558; *Glenn v. Miller,* 186 Iowa 1187.

It is said in 2 Freeman on Executions, Section 296, that:

"The command of the law that distinct parcels of land shall be offered for sale separately is founded on the assumption that, by so offering them, the best price will probably be secured and the sale not result in the taking from the defendant of any more property than is necessary to satisfy the writ. Where the right to redeem exists for a specified time after the sale, a sale in parcels may facilitate the exercise of this right and enable the defendant to relieve some of the tracts from the sale when he would not be able to redeem the whole."

See, also, *Meux v. Trezevant,* 132 Cal. 487 (64 Pac. 848); *Miller v. Trudgeon,* 16 Okla. 337 (86 Pac. 523).

A paraphrase of the thought already expressed is that the purpose of the statute is not to deprive the creditor of any part of his security, but to protect the debtor against an excess levy and sale.  Appellant's mortgage covered the entire tract, and not specific parcels.  If we assume, without expressing an opinion upon that question, that Mrs. Rogers was a debtor, within the meaning of Section 4032, and entitled, upon a plan for division furnished the sheriff by her, to have the land sold in parcels, the sheriff was compelled, for her protection, to offer the land for sale in parcels in conformity to such plan.  It was not, however, necessary to the preservation of the creditor's security that he offer a competitive bid upon each tract or parcel, as offered.  Appellant had a right to a sale en masse, unless the sale by parcels was for a sum sufficient to satisfy the execution.  It was the duty of the sheriff, when the aggregate amount bid by Rogers was grossly less than the fair value of the security, to offer the land for sale as a whole.  The sale of the land for $4,000 operated as a fraud upon appellant, and also upon the judgment debtors.  All of the equities held by Mrs. Rogers were junior to the claims of the appellant.  Had the land been sold for what we infer is its fair value, the judgment against the original debtors and their grantees, who had assumed and agreed to pay the mortgage, would have been substantially satisfied.  The actual result, if the sale is permitted to stand, will be to satisfy only a fraction of the debt and leave the balance unpaid, and to subject any property of the debtors' to levy under a general execution therefor.

The sheriff failed to perform his statutory duty, which was, when the amount bid for the land in parcels was grossly inadequate, to offer it for sale en masse, and to sell it to the highest bidder.  This duty was emphasized by the knowledge which he possessed that the appellant would bid $23,500 if the land was so offered.  The sheriff's return, as shown by the record, was full and complete, and it is clear that he proceeded in harmony with his interpretation of the statute.

For the reasons given, the finding and judgment of the court below is reversed, and the cause remanded for order and judg-

ment vacating and setting the sale aside, in harmony with this opinion.—*Reversed and remanded.*

ARTHUR, C. J., DE GRAFF and VERMILION, JJ., concur.