[Civ. No. 3846. Third Appellate District.—April 28, 1930.]

A. BATINI, Respondent, v. JOHN IVANCICH et al., Appellants.

Puter & Quinn for Appellants.

Eugene Selvage for Respondent.

PARKER, J., *pro tem.*—This action involves the ownership and right to possession of certain real estate situated in this state.

Plaintiff rests his claim upon a sheriff's deed. Defendants contend that the deed is void and of no effect. Both sides here agree that the sole question presented both in the court below and here is on the validity of said sheriff's deed. The trial court held that the deed was effective to transfer title and entered its decree in favor of plaintiff and the defendants appeal. At the outset, it may be noted that no claim of irregularity is made as to any proceeding up to the time of the issuance of the writ of execution under which the sheriff's sale was made. In other words, the writ of execution was regularly issued. Appellants contend that in making the sale no legal or sufficient notice thereof was given

and that the property sold, consisting of three parcels of real estate, was sold *en masse*.

The facts are that the sheriff sold the property after having given fifteen (15) days' notice and that the property did consist of three separate pieces and the sale was *en masse*. Section 692 of the Code of Civil Procedure, so far as material here, provides: "Before the sale of property on execution, . . . notice thereof must be given as follows: 3. In case of real property: by posting a . . . similar notice particularly describing the property for twenty days, in three public places of the township or city where the property is to be sold and publishing a copy thereof once a week for the same period. . . . " Section 693 of the Code of Civil Procedure provides that an officer selling without such notice forfeits $500 to the aggrieved party, in addition to his actual damages.

The entire question here is as to what effect noncompliance with the statutory provision has upon the sale by the sheriff. The question is to be determined by a review of the authorities in point. In the early case of *Smith* v. *Randall*, 6 Cal. 47 [65 Am. Dec. 475], construing similar sections of the Practice Act, we find this statement:

"It has often been decided that the provisions of statutes similar to ours, with respect to levy and notice of sale under execution, are merely directory, and the failure of the officer to comply with the requirements of the law, in this respect, would not vitiate such sale, but the party aggrieved by his neglect is left to his remedy by an action against the officer. This rule is founded in justice and sound policy. . . .

"The intention of the legislature, where it can be ascertained, must govern in the construction of a statute. This intention should not be taken from a particular section, but from the whole statute. Section 221 of the Practice Act provides that the sheriff shall, before a sale of real estate under execution, give notice of the time and place of sale, for twenty days. If the officer neglects to give such notice the following section provides, not that the sale shall be void but 'an officer selling without the required notice shall forfeit five hundred dollars to the aggrieved party in addition to his actual damages.' "

The only argument advanced by appellants to offset the effect of this ancient ruling is that, under the Practice Act, it was provided that notice *shall* be given, while under the present code section, notice as prescribed therein *must* be given. Without going into the distinction, it is sufficient to note that the reasoning of the cited case has been approved and the rule announced is followed under the code practice. (11 Cal. Jur. 133; *Frink* v. *Roe,* 70 Cal. 302 [11 Pac. 820]; *Sheehan* v. *All Persons,* 80 Cal. App. 393 [252 Pac. 337]; *Williams* v. *Reed,* 43 Cal. App. 434 [185 Pac. 515].)

As stated, a review of the cited authorities will disclose beyond dispute that our courts are still committed to the earlier rule. Particularly is this true where the attack is collateral and no showing, other than of defective or insufficient notice, is made. Doubtless much well-directed criticism may appear justifiable and many plausible arguments might be advanced against the holding. But all of these arguments have been weighed and considered and found insufficient to disturb the rule. Obviously, the courts have had in mind the harmful results following an easy voiding of judicial sales and have decided that mere deviation from the statute would not bring such results, unless by the statute itself so provided. And, further than this, the courts have always lent a willing ear to the debtor who could show fraud or unfairness in the sale of his property, and where a proper showing has been made full relief has followed. No such showing is attempted here.

It is somewhat weakly urged that there has been shown a gross inadequacy of consideration. This is not wholly true. The value of the property was between $5,000 and $6,000 and the said property was encumbered to the extent of $4,300, which, with accrued interest, amounts to now practically fifty-four hundred ($5400) dollars. The sale price was four hundred and twelve ($412) dollars. Hence, it is obvious that the claim of gross inadequacy cannot be maintained.

The final contention of the appellant is that the sheriff's sale was void by reason of the fact that three parcels of real property were sold *en masse* instead of separately, as required by section 694 of the Code of Civil Procedure.

Appellant makes no showing other than that such was the method of sale. No evidence was offered nor is argu-

ment made that any different price could or would have been obtained, nor is there any attempt to show any injury to appellant in the slightest degree. The mortgage referred to covered each lot.

*Hudepohl* v. *Liberty Hill Consol. Min. & W. Co.*, 94 Cal. 588 [28 Am. St. Rep. 149, 29 Pac. 1025], holds that a sale of property under execution will not be set aside because sold *en masse*, unless it is made apparent to the court that a larger sum would have been realized from the sale of the property had it been sold in parcels, or that a sale of less than the whole tract would have brought sufficient to satisfy the writ. In *Bechtel* v. *Wier*, 152 Cal. 443 [15 L. R. A. (N. S.) 549, 93 Pac. 75], the same rule was followed.

In *Sargent* v. *Shumaker*, 193 Cal. 122, at page 132 [223 Pac. 464, 468], we find the following language: "The sale *en masse* of several known lots or parcels, in the absence of special circumstances to justify it, is clearly an irregularity, but this court has frequently held that such an irregularity will not justify vacating the sale, in the absence of an affirmative showing that it operated to the actual injury of the owner," citing *Hudepohl* v. *Liberty Hill etc. Co.*, *supra;* *Meux* v. *Trezevant*, 132 Cal. 487, 489 [64 Pac. 848]; *Summerville* v. *March*, 142 Cal. 554 [100 Am. St. Rep. 145, 76 Pac. 388].

On the showing here made, which is *nil*, we see no grounds to set aside the sale in question.

Judgment affirmed.

Plummer, Acting P. J., and Thompson (R. L.), J., concurred.