[Civ. No. 1108.   Fourth Appellate District.—December 20, 1934.]

H. W. EVERTS, Respondent, v. WILL S. FAWCETT CO. (a Corporation), Appellant.

Oscar Lawler and Jud R. Rush for Appellant.

Clarke & Bowker, A. S. Goldflam, Hickcox & Trude and Louis Ferrari for Respondent.

BARNARD, P. J.—This is an action on certain promissory notes totaling $175,000 which were given by the defendant to the plaintiff's assignor, the Bank of America National Trust and Savings Association. In its answer the defendant denied the allegations in the complaint with reference to the assignment of the various notes and, as an affirmative defense and by way of counterclaim and set-off, alleged that some three years prior to the execution of these notes it had been induced to exchange certain stock in the Bank of Italy Trust & Savings Association, and in Bancitaly Corporation, for certain stock in the Transamerica Corporation by and through certain fraudulent misrepresentations made by plaintiff's assignor with respect to the value of the last named stock. Among other things, it was further alleged in this answer, which was filed on December 28, 1932,

that the defendant began an investigation as to the value of this stock during the months of June, July and August, 1932, and that it discovered, in October, 1932, that the stock in question was of a named value very much less than that represented. It was then alleged that the defendant had been damaged through these misrepresentations in the sum of $784,441.

A demurrer to the answer was overruled on March 1, 1933, and on March 7, 1933, the plaintiff filed notice that he would move the court on March 20, 1933, to set the cause for trial. For some reason which does not appear, the court entered an order on March 10, 1933, setting the cause for trial on May 22, 1933. On March 20, 1933, when plaintiff's motion to set for trial was called for hearing, the court, on motion of the defendant, entered an order vacating its previous order setting the same for trial and resetting the case for October 9, 1933. Thereafter, on April 7, 1933, and after notice duly given, the court vacated its order setting the cause for trial on October 9th and reset the same for May 22, 1933. Notice of this last order was served on the defendant on April 11, 1933. On May 19, 1933, the defendant moved for a continuance on the ground that the same was necessary in order to permit it to take certain depositions and produce certain evidence, as referred to in an affidavit filed in support of the motion. A counter-affidavit was filed and, after argument, the motion for a continuance was denied. When the case was called on May 22, 1933, the defendant again moved for a continuance for a period of at least thirty days on the grounds that Will S. Fawcett, president of the defendant corporation and the principal witness therefor, was ill and would be unable to be present for a period of at least seven days and that Oscar Lawler, chief counsel for the defendant, was engaged in another matter and would be unable to assist in the trial of this case unless the same was continued for a period of approximately thirty days. This motion being denied the defendant withdrew its counterclaim and the court ordered the cause tried upon the amended complaint and the remaining part of the answer. The defendant offered no evidence and the plaintiff recovered judgment, from which this appeal was taken.

The only contention here made is that the court abused its discretion in denying each of these motions for a continuance. The parties are in accord as to the general rules of law governing such a question but disagree as to the application of those rules to the facts which here appear.

In support of the first motion for a continuance the appellant presented an affidavit alleging that a period of not less than two months, and possibly longer, would be required and would be necessary to assemble and present the testimony in its behalf. After reviewing the general claim of misrepresentation as set forth in the answer, the affidavit proceeds to allege that much of the evidence required to sustain the claim made exists in the states of Delaware, New York and Massachusetts; that a large part of said evidence is contained in the official archives of said states and covers a period of five years, from 1928 to 1932; that it would be indispensably necessary for the appellant to take the depositions of the Secretary of State of the state of Delaware or of some official of that state who has custody of ''certain important documents'' filed there by Transamerica Corporation; that it will be necessary to take the depositions of an officer of the state of New York and of an officer of the state of Massachusetts in order to obtain ''certain important documents'' under their control and in their custody; that it will be necessary to take the deposition of an officer of the New York Stock Exchange; and that all of the evidence procurable by means of said depositions from these official sources is material and essential in order to permit the appellant to safely go to trial. It will be noted that the allegations of the affidavit thus far are exceedingly vague and it is in no way set forth what the important documents referred to are or what relation they have to this case. While it is alleged that all of this evidence is material, no facts are alleged to show its materiality. The affidavit then proceeds to allege that the appellant's counsel and accountants had been occupied for many weeks in tracing, finding and locating the aforesaid evidence, that they have traced, found and located the same, that they have not been able to procure the same although they have made a diligent effort to do so and that it is affiants' belief that a reasonable postponement of the trial would enable them to procure and present to the court the afore-

said important testimony. Nothing is said as to what this evidence is which has been located, as to when it was found, or as to what is relied upon as showing diligence. The affidavit then goes on to allege that a large number of subsidiary corporations were organized in various states of the Union and used by the officers of Transamerica Corporation as "dummy" organizations for the purpose of assisting that corporation, its officers and agents, to perpetrate the frauds complained of by the appellant; that in order to procure and present the testimony relative to the fraudulent acts of said dummy corporations in aiding the Transamerica Corporation, and its officers and agents, in perpetrating the frauds upon the appellant it will be necessary to take the depositions of "a large number of persons within and without the state of California, to-wit, the officers and agents of the aforesaid dummy corporations, and of the state officials who have custody and control of the various documents" relating to the organization, purposes and acts of said dummy corporations; and that "the testimony expected to be procured from the above mentioned sources" is highly material to appellant's case. It is then alleged that the procuring of the above-mentioned testimony is and will be a task of great difficulty and magnitude, that it will require a great deal of time and effort on the part of the defendants and their counsel and accountants, that most of the evidence is in the hands of reluctant and hostile parties and that the procurement thereof will be attended by great difficulty and will from time to time need the intervention of the court's mandatory authority. While it is here again alleged that this evidence is material the nature of the evidence is not disclosed, the names of the persons whose depositions are desired are not given, facts showing diligence are omitted, and the language used suggests a hope that favorable evidence may be developed through the depositions, rather than a definite statement as to what testimony can be produced.

While this affidavit is lengthy, it is lacking in the essentials to which we have referred and, taken altogether, it fails to clearly allege facts showing what evidence is desired, the materiality thereof, and that the same will be available within a reasonable and definite time. The showing made as to diligence is indefinite and unsatisfactory. The appel-

lant argues, in reply to the showing made by the respondent that he had offered in open court on April 3, 1933, to stipulate to the taking of any depositions desired, that it was necessary for it to have in its possession the data to be used in the interrogation of witnesses before the depositions could properly be taken, and that "It is idle to offer to stipulate to the taking of depositions if one is not in a position to know what inquiries should be made of the witnesses." While this is undoubtedly true, the argument indicates that the appellant did not yet know exactly what it wanted from the witnesses. While this may explain the indefiniteness of the affidavit upon which the application for a continuance was based, it further justifies the reasonableness of the court's ruling, under the circumstances. ■ It cannot be held to be an abuse of discretion to refuse a continuance for the purpose merely of continuing a search for evidence when a case has been at issue for several months. It is well settled not only that the court has a large discretion in such a matter but that no abuse thereof appears in the absence of a clear and definite showing that certain material evidence exists, and that it will be available within a reasonable time if a continuance is granted, together with a satisfactory showing of due diligence.

■ The second motion for a continuance made on the day of the trial was based upon the grounds that the principal witness for the appellant was sick and unable to be in attendance and that the chief counsel for the appellant was engaged in another matter which prevented him from being present. The affidavit of a physician was presented stating that on May 17, 1933, Mr. Fawcett was confined to his bed suffering from a severe cold complicated by influenza, and that he would not be able to attend court for at least ten days or two weeks. In opposition to this, certain affidavits were filed in which the affiants stated that on May 17, May 18 and May 19, 1933, the witness in question was seen on several occasions leaving his home in an automobile, that he went to restaurants and to an office building, that on several of these occasions he remained from one to two hours before returning home, and that at these times he appeared to be in good health. There was also presented an affidavit stating that Mr. Fawcett was one of the principal witnesses for the appellant, that many matters necessary to

the appellant's defense were known only to him, and that his presence at the trial was essential. No statement was contained therein as to what matters were within the knowledge of this witness or as to what would be his testimony, if present. In view of the absence of these facts in this affidavit and of the conflict presented by the other affidavits referred to, it must be held, under well-established rules, that the showing made, in so far as this witness is concerned, is not sufficient to justify a reversal of the order refusing a continuance. Other affidavits were presented setting forth that the chief counsel for the appellant was engaged in another matter and was unable to be present. While it is therein alleged that this counsel would be unable to be present on May 22, 1933, for the reasons given, any statements as to when he would be able to attend, if at all, are conspicuously absent. A further consideration is that the appellant was represented by other able counsel and it fully appears that neither the presence of Mr. Fawcett nor of the chief counsel referred to could have been of much value to the appellant in the absence of the evidence involved in the first application for a continuance. The fact that no sufficient showing was ever made that that evidence, admittedly necessary to establish appellant's defense, would be available at any time, furnishes an additional reason why the court did not abuse its discretion in denying the second application.

The judgment appealed from is affirmed.

Marks, J., and Jennings, J., concurred.