[Civ. No. 2010. Fourth Appellate District.—December 23, 1937.]

## H. W. EVERTS, Appellant, v. WILL S. FAWCETT CO. (a Corporation), Respondent.

[Civ. No. 2011. Fourth Appellate District.—December 23, 1937.]

## H. W. EVERTS, Appellant, v. WILL S. FAWCETT, Respondent.

Louis Ferrari, Edmund Nelson, A. S. Goldflam, Hickcox & Trude, Cullinan, Hickey & Sweigert and Cushing & Cushing for Appellant.

Jud R. Rush and Don C. Bitler for Respondent.

BARNARD, P. J.—The appellant has appealed from two orders setting aside two execution sales and canceling the certificates of sale. The orders were made in two separate actions but the appeals have been consolidated and presented on one set of briefs, the material facts in each case being exactly similar and the questions of law being identical.

The appellant, as assignee for collection of the Bank of America N. T. & S. A., had recovered judgments against these respondents in two actions in the Superior Court of Imperial County, based upon money loaned, and both judgments had become final. Executions were issued and four claims or causes of action, then pending in the Superior Court of Los Angeles County, were sold by the sheriff at execution sales and were purchased by the appellant. Two of the causes of action thus sold were brought by the respondent Fawcett Co. against the Bank of America, its associated corporations and certain corporation officials, and the other two were brought by the respondent Fawcett against the same defendants. All four of these actions were based upon unliquidated claims for damages for fraud, it being alleged in two of them that Fawcett Co. and Fawcett had been induced through fraudulent representations to purchase certain shares of stock in Transamerica Corporation, and in the other two that the same plaintiffs had been thus induced to refrain from selling certain shares in that corporation.

It appears that statutory notice of these sales was given, that the respective plaintiffs in the Los Angeles County actions had actual notice of the sales well in advance of the time set, that they did not appear at the sales and that immediately after the sales they were notified that the same had taken place. More than six months later these respondents moved for an order annulling the execution sales on the grounds that a cause of action sounding in tort for unliquidated damages resulting from fraud and deceit is not subject to sale on execution, that the description in the notices of sale and at the sales of the property was insufficient and that the prices paid were grossly inadequate. These motions were granted and these appeals followed.

The main question presented is whether these causes of action pending in Los Angeles County were subject to sale on execution. Section 688 of the Code of Civil Procedure provides that all goods, chattels, money and other property of the judgment debtor not exempt by law are liable to execution. A cause of action for unliquidated damages is a thing in action (Civ. Code, sec. 953) and a thing in action is personal property (Code Civ. Proc., sec. 17), which is not capable of manual delivery. Under settled rules the four causes of action which were sold at execution sale were things in action and were assignable. (Civ. Code, secs. 953 and 954; *Wikstrom* v. *Yolo Fliers' Club,* 206 Cal. 461 [274 Pac. 959]; *Rued* v. *Cooper,* 109 Cal. 682 [34 Pac. 98, 101].) In these two cases the general rule is thus quoted from a New York case (*Meech* v. *Stoner,* 19 N. Y. 26): "Assignability of things in action is now the rule; nonassignability, the exception; and this exception is confined to wrongs done to the person, the reputation, or the feelings of the injured party, and to contracts of a purely personal nature, like promises of marriage." We think it conclusively appears that these four causes of action which were sold on execution were personal property of a kind which has not been specifically made exempt from execution and which is not capable of manual delivery. Under section 688 of the Code of Civil Procedure all "other" property which is not exempt is made liable to execution and that section further provides that property not capable of manual delivery may be levied upon in the manner in which property of that nature may be attached. Section 542 of the Code of Civil Procedure

provides how such property may be attached, namely, by leaving a copy of the writ and a notice with the person having such property in his possession or under his control. While the plaintiff in such an action as those with which we are here concerned cannot be said to have the property represented by the action in his possession he certainly has the same under his control. The procedure outlined by the above sections was followed in this case and copies of the writs and notices were served on the respective plaintiffs in the four actions.

In *Meserve* v. *Superior Court*, 2 Cal. App. (2d) 468 [38 Pac. (2d) 453], the court concluded that a cause of action somewhat similar to those here involved was subject to sale under execution. The respondents here contend that the portions of the opinion in that case which lead to that conclusion are mere *dicta*. Be that as it may, we are satisfied with the reasoning therein used which is applicable here. While that case involved a cause of action which arose from a breach of a contract we are unable to see any reason why the same rule should not apply where a cause of action was based upon a tort. The case of *Wikstrom* v. *Yolo Fliers' Club, supra,* involved such a cause of action which was held to be a thing in action which arose out of a violation of a right of property, and which was by statute expressly made assignable and declared to survive the death of the owner. Such a cause of action is property not capable of manual delivery and the pertinent statutes make no distinction with reference to whether the cause of action which gives rise to the property right is based upon contract or upon tort.

The respondents argue that ''Claims for damages in tort are not even subject to attachment (garnishment),—much the less levy and sale upon execution'' and cite *Arp* v. *Blake,* 63 Cal. App. 362 [218 Pac. 773]. In that case it was held that unliquidated claims for damages in tort could not be reached through the garnishment process, which involves serving notice on the person owing the debt. This is far from holding that causes of action of that nature may not be reached through other statutory provisions providing for the serving of notice on the person to whom the debt is supposedly owed and who has the property under his control, namely the plaintiff in the action. It is further argued that ''after tort claims have been liquidated,—reduced to judg-

ment,—the judgment is not even amenable to sale upon execution'', the respondents citing *McBride* v. *Fallon,* 65 Cal. 301 [4 Pac. 17], *Dore* v. *Dougherty,* 72 Cal. 232 [13 Pac. 621, 1 Am. St. Rep. 48], *Latham* v. *Blake,* 77 Cal. 646 [18 Pac. 150, 20 Pac. 417], *Hoxie* v. *Bryant,* 131 Cal. 85 [63 Pac. 153] , and *Crandall* v. *Blen,* 13 Cal. 15. So far as material here these cases merely hold that a judgment in such an action is but the evidence of the liability and cannot be sold on execution in the particular manner in which personal property capable of manual delivery may be sold. A different manner of attaching and levying execution upon personal property which is not capable of manual delivery is particularly set forth in the statutes, and of course the procedure thus provided must be followed. The respondents also contend that a tort claim which has not been reduced to judgment may be reached and controlled upon proceedings supplementary to execution and that this was the proper remedy in this case. Conceding that such a remedy also existed, it does not appear that it was an exclusive remedy and the appellant had a right to proceed by execution if we are correct in our holding that such a right existed.

We are cited to no cases in this state which support the contention that these causes of action could not be sold at execution sale under our statutes. The respondents argue that to permit such causes of action to be thus sold would lead to the conversion of valuable choses in action into collusive suits and would ''enable powerful banking organizations to acquire and assert legitimate claims presented in good faith by litigants who own and honestly assert tort causes of action''. If any such evils arise they may be expected to receive proper legislative consideration, and in the meantime we are governed by the statutes now in force. We conclude from these statutes that the causes of action in question were subject to sale under execution.

The respondents seek to support the order vacating these sales upon two other grounds. It is first contended that the sales were void because the notices of sale contained insufficient descriptions of the properties to be sold and that because of the manner in which it was conducted ''the sale bordered upon the clandestine''. The description in each notice of sale was quite lengthy but in effect the property was described as all causes of action against the defendants

in a certain action pending in the Superior Court of Los Angeles County, giving the number of the action, naming the plaintiff, naming one of the defendants, stating that there were other defendants, and stating that for a further description reference was made to the pleadings and other documents on file in said action under the number given, which were to be found in the office of the clerk of said court. Not only was this description sufficient to identify the property which was to be sold but it fully appears that the plaintiffs in the Los Angeles actions received actual notice well in advance of the sale, that they did not attend the sale, that at the time of the sale the pleadings in the respective actions were exhibited with the announcement that anyone desiring to do so might examine them and that no one asked to look at them or made any inquiry with respect thereto or with respect to the nature, amount or status of the causes of action which were being sold. Not only was the description of the property sufficient in so far as appears from anything now before us, but there is no showing of any prejudice or injury arising from any possible incompleteness in the description. (*Mitchell* v. *Alpha Hardware etc. Co.*, 7 Cal. App. (2d) 52. [45 Pac. (2d) 442].)

█ It is also urged that these sales were void because of the inadequacy of the price paid for these causes of action. The total price paid for all four causes of action was $40,000, which amount was credited upon the judgments held by the appellant herein. The two causes of action which alleged fraud in connection with the sale of stock were sold for $5,000 each, while the respective prayers therein were for $169,360 and $968,680. It is significant that each of those actions was dismissed by the Superior Court of Los Angeles County by reason of the failure of the plaintiff therein to return the summons within three years. The other two actions, alleging fraud in inducing the plaintiffs to refrain from selling certain stock, prayed for $468,428.20 and $1,521,903.89, respectively. The first of those actions sold for $10,000 and the second for $20,000. The claims of fraud set forth in these four actions had originally been set up by cross-complaint in the original actions which resulted in the judgments held by this appellant. Those cross-complaints were withdrawn when these respondents failed to obtain a continuance of the trial after an unreasonable delay

on their part in securing evidence upon which they relied. (See *Everts* v. *Will S. Fawcett Co.*, 3 Cal. App. (2d) 261 [38 Pac. (2d) 868].) Not only have two of the actions in Los Angeles County been dismissed for lack of diligence in the prosecution thereof, but it appears that the other two actions had been pending for about two years before the date of the sale here in question. There would appear to be considerable merit in appellant's contention that the only value possessed by these four causes of action which were sold was their nuisance value. In any event, a substantial price was paid, the parties had ample notice and opportunity to protect their interests, and the sales cannot be set aside on this ground alone. (*Bock* v. *Losekamp*, 179 Cal. 674 [179 Pac. 516]; *Sargent* v. *Shumaker*, 193 Cal. 122 [223 Pac. 464]; *McAlvay* v. *Consumers' Salt Co.*, 112 Cal. App. 383 [297 Pac. 135].) There is no showing that any irregularity in connection with the sale had anything to do with the amount paid or that any larger price would have been received under any circumstances. (See *Hudepohl* v. *Liberty Hill W. etc. Co.*, 94 Cal. 588 [29 Pac. 1025, 28 Am. St. Rep. 149]; *Meux* v. *Trezevant*, 132 Cal. 487 [64 Pac. 848]; *Sargent* v. *Shumaker, supra.*)

For the reasons given, the orders appealed from are reversed.

Marks, J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 21, 1938.