[Civ. No. 19231. First Dist., Div. Three. May 17, 1962.]

DOROTHY D. TALIAFERRO, Plaintiff and Respondent, v.
EUGENE A. TALIAFERRO, Defendant and Appellant.

Eugene A. Taliaferro, in pro. per., for Defendant and Appellant.

Frisbie & Hoogs and W. H. Hoogs for Plaintiff and Respondent.

DRAPER, P. J.—Of the seven appeals by defendant burgeoning from the judgment we have this day affirmed (*ante*, p. 642 [21 Cal.Rptr. 864]), one more requires consideration. Under writ of execution issued upon the judgment, real property standing in defendant's name was levied upon and sold. ▮▮▮ Defendant moved to vacate the sale. The motion was denied, and defendant appeals. The order is appealable (*First-Trust etc. Bank* v. *Meredith,* 19 Cal.App.2d 103, 105 [64 P.2d 977]).

It appears that the sheriff divided the land into three parcels, which he sold separately. Each of these parcels consisted of several lots. Defendant's affidavit averred that he instructed the sheriff to sell ''parcel by parcel,'' that the land ''was easily divisible into smaller component parts,'' and that if this had been done ''more money would have been realized.''

When the sale ''is of real property, consisting of several known lots or parcels, they must be sold separately'' (Code Civ. Proc., § 694). There are indications that several lots shown upon a recorded map, even though they are contiguous, come within this rule (see *Connick* v. *Hill,* 127 Cal. 162 [59 P. 832]; *Anglo-Californian Bank* v. *Cerf,* 142 Cal. 303, 306 [75 P. 902]).

▮▮▮ Sale *en masse* rather than in separate parcels, however, is a minor procedural irregularity, which does not warrant the drastic remedy of setting aside the sale except upon a showing that it resulted in serious prejudice to the judgment debtor (3 Witkin, Cal. Procedure, 1995). There must be an affirmative showing that the irregularity caused actual injury (*Sargent* v. *Shumaker,* 193 Cal. 122, 132 [223 P. 464]; *Batini* v. *Ivancich,* 105 Cal.App. 391 [287 P. 523]; 3 Witkin, Cal. Procedure, 1990).

▮▮▮ Defendant's affidavit alleged that the property was sold for $1,500, and that it is ''worth in excess of $150,000.00

with an indebtedness of approximately $35,000.00.'' Elsewhere in his affidavit, he fixes the value at ''at least $100,000.00 with an indebtedness against it of approximately $10,000.00.'' He does not allege that there was any market for the land, and fails to state whether his view is based on present market value. As to any advantage of sale by smaller parcels, he alleges only the bare conclusion that on such sale ''more money would have been realized because more bidders would have been attracted to the sale.'' Such a showing has been held inadequate (*Meux* v. *Trezevant,* 132 Cal. 487, 490 [64 P. 848]).

 Even if the allegations had been direct and factual, the court was not required to accept them as true, even though they were uncontradicted. The rule is the same as that applying to oral testimony (*Lohman* v. *Lohman,* 29 Cal.2d 144, 149 [173 P.2d 657]; *Berg* v. *Journeymen's P. & G. F. Union,* 5 Cal.App.2d 582 [42 P.2d 1091]). Uncontradicted testimony may not be arbitrarily rejected (1 Witkin, Cal. Evidence, 535). But many circumstances may be looked to in determining whether it is to be accepted (*id.* at pp. 536-541). Among these circumstances are the interest, bias and motive of the witness (*Hicks* v. *Reis,* 21 Cal.2d 654, 659-660 [134 P.2d 788]; *Blank* v. *Coffin,* 20 Cal.2d 457, 461-462 [126 P.2d 868]; *Tidlund* v. *Seven Up Bottling Co.,* 154 Cal.App.2d 663, 666-667 [316 P.2d 656]). Similarly, the failure to state facts upon which an opinion is based may warrant disregard of the opinion, even if uncontradicted (Witkin, Cal. Evidence, 539-540; and see *Coast Counties Gas & Electric Co.* v. *Miller & Lux, Inc.,* 118 Cal.App. 140 [5 P.2d 34]).

 Here the interest of defendant as a party is obvious. Moreover, the court could look to the tone and character of the affidavit as a whole, in its irrelevancies as well as its lack of specification, in determining its weight. No facts are stated as a basis for the opinion as to value. It may be noted that no appearance in support of the motion was made at the noticed hearing.

In his memorandum opinion, the trial judge recognized the rule that injury from the sale *en masse* must be shown, and held that no such showing had been made. On the record this finding is justified. Thus no proper case for vacating the sale was made.

Order affirmed.

Salsman, J., and Devine, J., concurred.