[Civ. No. 20014. Second Dist., Div. One. May 17, 1954.]

CHARLES L. MOLLIS, Respondent, v. JIFFY-STITCHER COMPANY, INC. et al., Defendants; MILDRED LUCEY, Appellant.

Martin S. Ryan for Appellant.

William Douglas Sellers and William A. Tookey for Respondent.

DORAN, J.—This is an appeal from an order appointing receiver to take possession of a liquor license belonging to the judgment-debtor Mildred Lucey and to sell the same to satisfy a judgment which has become final.

It is contended on appeal, "That a receiver could not be appointed to take into his possession a liquor license standing in the name of the judgment debtor, and the court exceeded its jurisdiction in so appointing a receiver for that purpose" and that, "The appointment of a receiver is not entirely uncontrolled, and must be made only with great caution and circumspection, and in this case amounts to an abuse of discretion."

Appellant argues that the "Provisions for the transfer of liquor licenses are contained in Sections 7 and 7.2 of Deering's California General Laws, Act 3796.

"Section 7 of Deering's Act 3796 sets forth under the heading of Transfers, as follows:

" 'Each license issued under this act is separate and distinct, shall be transferrable from one person to another upon approval by the Board and the payment of a transfer fee of $10.00, and upon such conditions as the Board shall prescribe . . . ; provided, that the privilege of applying for a transfer of a license shall be exercised by the surviving partner of a deceased licensee, or by the executor, administrator or guardian of the estate of a licensee, or, in the event that a deceased licensee leaves no estate to be administered, by the surviving spouse of the deceased licensee, and may be exercised by a *trustee of the bankrupt estate of a licensee,* or by an assignee for the benefit of the creditors of a licensee with the consent of the assignor.'

"Section 7.2 of the same act, under the heading, 'Applicability of section', sets forth the same provisions, and therein uses the word, 'receiver.'

"It is respectfully submitted that Section 7 is the governing section of these two, and when the Legislature used the phraseology, 'and may be exercised by a trustee of the bankrupt estate of a licensee,' they, the Legislature, by not including a receiver, limited the power of transfer to a trustee in bankruptcy, or by a receiver in bankruptcy as set forth by Section 7.2 of the act."

Respondent, to the contrary, argues that, "It is clear under the California law that a liquor license may be transferred by the owner and reference is made in this connection to Deering's California General Laws, Act 3796, subsections 7 and 7.2. Accordingly in California such a license should be viewed as a property right."

Section 7 also provides that "Each license issued under

this act . . . may be transferred by or to . . . a receiver of the estate of a licensee, or an assignee for the benefit of creditors of a licensee with the consent of the assignor.'' Respondent argues that, ''The words, 'a receiver of the estate of a licensee,' are reasonably to be interpreted to include a receiver appointed by a court to enforce a judgment or to do any of the other things which a receiver may do pursuant to law in the State of California.

''Section 7.2 provides the procedure under which a liquor license may be transferred. In the third paragraph, entitled 'Applicability of the Section,' it states that the provisions of the section relative to giving notice of transfer and to the establishment of an escrow for transfer need not be complied with by 'an executor, administrator, guardian, trustee, *receiver or other person* acting in the legal or proper discharge of official duty.' (Emphasis added.) It is the contention of respondent that by including this provision in Section 7.2 the Legislature has clearly disclosed its intention that a receiver may be appointed to sell a liquor license and apply the proceeds for the satisfaction of a money judgment.''

It appears from the record that appellant had no property or interest of value other than the liquor license.

The fact that the approval and consent of the Board of Equalization is necessary is beside the issue so far as respondent's efforts to collect the judgment is concerned.

It is common knowledge that liquor licenses are bought and sold in the open market notwithstanding the necessity of the board's approval.

It appears that the order appointing a receiver to take possession of and to sell the liquor license to satisfy the judgment is a valid order. It is therefore affirmed.

White, P. J., and Drapeau, J., concurred.