Dan O. HOYE, as Controller of the City of Los Angeles, and Dan O. Hoye, Plaintiffs,

v.

The UNITED STATES of America, Robert A. Riddell, Director of Internal Revenue, and Richard A. Westberg, Defendants.

UNITED STATES of America, Plaintiff in Intervention,

v.

Dan O. HOYE et al., Defendants in Intervention.

Civ. No. 1065-57.

United States District Court
S. D. California,
Central Division.

Dec. 11, 1958.

Supplemental Opinion Dec. 12, 1958.

---

4. Sec. 701, Nationality Act of 1940, as amended, 8 U.S.C. § 1001, now 8 U.S.C.A. § 1440.

Roger Arnebergh, City Atty., City of Los Angeles, Bourke Jones and Alfred E. Rogers, Asst. City Attys., and T. Paul Moody, Deputy City Atty., Los Angeles, Cal., for plaintiffs and defendants in intervention.

Laughlin E. Waters, U. S. Atty. for the Southern Dist. of Cal., Edward R. Mc-Hale, Asst. U. S. Atty., Chief, Tax Division, and Robert H. Wyshak, Asst. U. S. Atty., Los Angeles, Cal., for defendants and plaintiff in intervention.

TOLIN, District Judge.

This action arises under the Internal Revenue Code, 26 U.S.C.A., and involves the right of the United States to proceed against a municipal corporation as an employer for the collection of unpaid revenues owed by a delinquent taxpayer who is also an employee of the municipal corporation.

The United States, not needing the aid of court procedure in such a circumstance, served a notice of levy and final demand upon the City of Los Angeles as the employer of a delinquent taxpayer for accrued wages due and owing by the city. In order to prohibit such action, the Controller of the City of Los Angeles brought a primary action for an injunction which also sought a declaratory judgment to quash the notice of levy and final demand made upon the city. The United States then intervened as a party plaintiff against Dan O. Hoye, the Controller of the City of Los Angeles, and Richard A. Westberg, the delinquent taxpayer, as parties defendant, for the recovery of the monies alleged due under the Internal Revenue Code.

The motion by the United States to dismiss the complaint against it in the primary action was granted by this court. This was done because the cause of action as stated in the primary complaint requests certain injunctive relief which is specifically prohibited by Section 7421 of Title 26, U.S.C. (Internal Revenue Code of 1954.) Furthermore, such action is in the nature of declaratory relief

which is also specifically prohibited by Section 2201 of Title 28, United States Code. An appeal was made from the granting of the motion to dismiss and is presently pending before the Appellate Court. However, the suit in intervention brought by the United States is still before the court and constitutes the only matter currently under consideration.

Using its right as a sovereign, the United States asserts its right to declaratory relief to the problem at hand even though such right is not available to plaintiff. The ethics of prohibiting the subject of a sovereign from utilizing a particular procedure in bringing a matter of litigation before the court even though the sovereign, the Federal Government here, may do so, is for the consideration of a different authority than this court. Seeking merely to follow the law as it is found, this court granted the order permitting intervention by the United States of America, and consequently opened a door for the Federal Government which had been locked by statute against the plaintiff, a private litigant.

The salient facts are as follows:

Richard A. Westberg, a defendant in intervention, was an employee of the City of Los Angeles and was delinquent in his payments of Federal income tax. An assessment was made against him which gave rise to a lien upon all accrued wages due him by his employer (to the extent of the delinquency) and a levy was served upon Dan O. Hoye, the Controller of the City of Los Angeles, also a defendant in intervention, for the sum of $155.93 against any accrued wages owed to Westberg. At that time the city owed Westberg $158.78, a sum slightly in excess of the levy. Hoye, however, refused to honor the levy, taking the position that the United States was required to comply with certain procedures set forth in the California Code of Civil Procedure relating to judgment creditors. Denying that the United States must comply with a state statute and become a judgment creditor in order to collect its revenue, the United States brought its complaint in intervention, first against Hoye as an individual to collect the penalty provided for failure to honor the levy [as found in § 6332(b) of the 1954 Internal Revenue Code], and second against Hoye as a representative of the city to foreclose the tax lien as asserted against Westberg.

The basic issue was agreed by all appearing [1] parties to be whether the collection procedures of the Internal Revenue officials in the collection of monies past due under the Internal Revenue laws may be enforced uniformly without regard to conditions prescribed by a state legislature for judgment creditors.

The California statute involved [2], stripped of portions non-essential to this case, reads:

"(a) Whenever a judgment for the payment of money is rendered by any court of this State * * * or by any county, city and county, city or municipality, quasi-municipality or public corporation, the judgment creditor may file a duly authenticated abstract or transcript of such judgment together with an affidavit stating the exact amount then due, owing and unpaid thereon and that he desires to avail himself of the provisions of this section in the manner as follows:

* * * * * *

"2. If such money, wages or salary is owing and unpaid to such judgment debtor by any county, city and county, city or municipality, quasi-municipality or public corporation, said judgment creditor shall file said abstract or transcript and affidavit with the auditor of such county, city and county, city or municipality, quasi-municipality or public corporation (and in case there be no auditor then with the official

---

1. Although named as a party and served in the case, Richard A. Westberg never entered an appearance in the litigation.

2. California Code of Civil Procedure, § 710.

whose duty corresponds to that of auditor). Thereupon said auditor (or other official) to discharge such claim of such judgment debtor shall pay into the court which issued such abstract or transcript by his warrant or check payable to said court the whole or such portion of the amount due on such claim of such judgment debtor, less an amount equal to one-half the salary or wages owing by the county, city and county, city, municipality, quasi-municipality, or public corporation to the judgment debtor for his personal services to such public body rendered at any time within 30 days next preceding the filing of such abstract or transcript, as will satisfy in full or to the greatest extent the amount unpaid on said judgment and the balance thereof, if any, to the judgment debtor.

\* \* \* \* \* \*

"(c) Whenever a court receives any money hereunder, it shall pay as much thereof as is not exempt from execution under this code to the judgment creditor and the balance thereof, if any, to the judgment debtor."

▮ The quick answer to the question raised by the stated issue is that the California statute applies by its terms to " \* \* \* a judgment for the payment of money \* \* \* rendered by any court of this State." [California]

The statute does not relate to any type of obligation except "a judgment for payment of money." [3] None of the other cited California statutes [4] refer to the type of obligation the United States sought to enforce in this instance.

It is only by reason of the municipal official (Controller Hoye) inferring something new into the statute that the problem arises at all. The Controller's position certainly is not based upon the language of any cited statute.

The Internal Revenue Code of 1954, 26 U.S.C., is very specific as to certain methods of tax collection available to the Secretary of the Treasury or his delegate. In part the Code provides:

"§ 6331. *Levy and distraint*

"(a) *Authority of Secretary or delegate.*—If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and rights to property (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official. If the Secretary or his delegate makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary or his delegate and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

"§ 6332. *Surrender of property subject to levy*

"(a) *Requirement.*—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary or his dele-

3. Apparently only a judgment of a California Court, Sec. 710, California Code of Civil Procedure.

4. Secs. 304, 371 and 374, Charter of the City of Los Angeles (California Stats. 1925, p. 1024).

gate, surrender such property or rights (or discharge such obligation) to the Secretary or his delegate, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process.

"(b) *Penalty for violation.*—Any person who fails or refuses to surrender as required by subsection (a) any property or rights to property, subject to levy, upon demand by the Secretary or his delegate, shall be liable in his own person and estate to the United States in a sum equal to the value of the property or rights not so surrendered, but not exceeding the amount of the taxes for the collection of which such levy has been made, together with costs and interest on such sum at the rate of 6 percent per annum from the date of such levy.

"(c) *Person defined.*—The term 'person,' as used in subsection (a), includes an officer or employee of a corporation or a member or employee of a partnership, who as such officer, employee, or member is under a duty to surrender the property or rights to property, or to discharge the obligation."

The City of Los Angeles is a Municipal Corporation. Section 6332(c) quoted above makes no distinction in its applicability to different classes of corporations. That this type of statute is valid, appears clearly from the following language of the Supreme Court.[5]

"The act is a law of the United States made in pursuance of the Constitution, and therefore the supreme law of the land, the Constitution or laws of the states to the contrary notwithstanding. Whenever the constitutional powers of the federal government and those of the state come into conflict, the latter must yield * * *." [6]

The contention by Hoye that the enforcement of the levy and final demand would cause him to be personally liable to the municipal employee for any money paid pursuant thereto is without merit. Payment to the Government pursuant to such a levy is a complete defense against any action brought against the debtor on account of the debt. In 1955, it was said by the Court of Appeals for the Fourth Circuit:[7]

" * * * The effect of the federal taxing statutes to which we have referred is to create a statutory attachment and garnishment in which the service of notice provided by statute takes the place of the court process in the ordinary garnishment proceeding. * * * The service of such notice results in what is virtually a transfer to the government of the indebtedness, or the amount thereof necessary to pay the tax, so that payment to the government pursuant to the levy and notice is a complete defense to the debtor against any action brought against him on account of the debt. * * *"

Defendant in intervention, Dan O. Hoye, has deposited with the clerk of

5. State of Florida v. Mellon, 1927, 273 U.S. 12, at page 17, 47 S.Ct. 265, at page 266, 71 L.Ed. 511.

6. The "act" in State of Florida v. Mellon, refers to Sec. 301 of the Revenue Act of 1926, c. 27, 44 Stat. 9, 69, 70, 26 U.S.C.A. Int.Rev.Acts, page 226, and reads as follows:
  "The tax imposed by this section shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any state or territory or the District of Columbia, in re-

spect of any property included in the gross estate. The credit allowed by this subdivision shall not exceed 80 per centum of the tax imposed by this section, and shall include only such taxes as were actually paid and credit therefor claimed within three years after the filing of the return required by section 304."

7. United States v. Eiland, 4 Cir., 223 F. 2d 118, 121, at pages 121–122.
  See also, Bank of Nevada v. United States, 9 Cir., 1957, 251 F.2d 820.

the court a payroll check payable to Richard A. Westberg. This was done without benefit of any order of court. The clerk of this court is not the Secretary or his delegate referred to in the quoted statute. The clerk is directed to return said check to its maker, and findings of fact, conclusions of law and judgment shall be prepared by the United States Attorney as prayed for in the complaint in intervention.

### Supplemental Opinion.

In the memorandum deciding this case, the court said:

> "Using its right as a sovereign, the United States asserts its right to declaratory relief to the problem at hand even though such right is not available to plaintiff."

This language has offended the Government's Attorney who, upon receiving the memorandum, immediately protested that the United States had not asked for declaratory relief in its amended complaint in intervention. As far as pleading nomenclature is concerned this contention is true. However, in substance it is somewhat inaccurate. The amended complaint in intervention prayed judgment against the defendant in intervention Dan O. Hoye in his own person and estate alleging that Hoye had disregarded a notice of levy upon the property of the taxpayer Westberg. Plaintiff also sought foreclosure of its tax lien against the debt owed the taxpayer and defendant in intervention. In other words, it asked for a money judgment. There was no prayer for declaratory relief. When the motion to dismiss plaintiff's original complaint was heard, counsel for the Government asserted that although plaintiff Hoye could not maintain a declaratory relief action, the Government agreed that the controversy was one upon which there should be a declaration of the rules governing exactly this type of apparently frequently recurring situation in which the Federal Government gives a notice of levy upon a municipal employee's earnings. Government counsel then stated that the Government would itself intervene to the end that there might be a declaration of rights. The court, accordingly, undertook in its memorandum to make its declaration; but it should be noted that this was incidental to the strict actions at law pleaded, the first action at law being for penalty, and the second, (in which the taxpayer was named a party defendant) for foreclosure of Internal Revenue tax lien against personal property.