**DIVISION OF LABOR LAW ENFORCEMENT, DEPARTMENT OF INDUSTRIAL RELATIONS, STATE OF CALIFORNIA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 17541.

United States Court of Appeals Ninth Circuit.

April 4, 1962.

Pauline Nightingale, Los Angeles, Cal., Samuel Berman, San Francisco, Cal., Effie Sparling and Milford A. Maron, Los Angeles, Cal., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner and Thomas H. McPeters, Attorneys, Department of Justice, Washington, D. C., Francis C. Whelan, U. S. Atty., and Lillian W. Wyshak, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and DAVIS, District Judge.

DUNIWAY, Circuit Judge.

Acting on behalf of certain wage claimants, the Division of Labor Law Enforcement of the State of California appeals from a decision of the District Court affirming that of a Referee in Bankruptcy. We have jurisdiction under 11 U.S.C.A. § 47.

The sole question presented is whether the United States had acquired "possession" of a liquor license, issued by the State of California to the bankrupt, before the bankruptcy. We hold that it had, and are therefore affirming.

The bankrupt's property included a General On-Sale Liquor License issued by the State of California. The United States had acquired a tax lien "upon all property and rights to property, whether real or personal, belonging to [the bankrupt]" (See 26 U.S.C. § 6321). The District Director of Internal Revenue levied upon the liquor license, pursuant to 26 U.S.C. § 6331, which provides:

"(a) * * * it shall be lawful * * * to collect such tax * * * by levy upon all property and rights to property, (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter * * *.

"(b) The term 'levy' * * * includes the power of distraint and seizure by any means. In any case in which the Secretary * * * may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible)."

The Director, on February 27, 1957, issued a "Levy" (form 668–B) comparable to a writ of execution or attachment, directing a collection officer to levy upon the property of the bankrupt, and to sell it. The officer made the levy on that day by taking physical possession of the license certificate, and by mailing to the owner of the license (now the bankrupt) and to the California Alcoholic Beverage Control Department which issued the license, substantially identical notices of levy.[1]

On April 8, 1957, the petition in bankruptcy was filed, and on May 6 the District Director and the Receiver agreed that the Receiver would sell the liquor license. The license was sold and $5,000 of the proceeds was turned over to the Internal Revenue Service. Since the bankrupt's estate ($1,299.48) was insufficient to cover administrative expenses ($500) and wage claims ($1,907.04), the Division of Labor Law Enforcement, representing the wage claimants, disputed the propriety of paying the $5,000 to the District Director, in the light of § 67, sub. c of the Bankruptcy Act (11 U.S. C.A. § 107) which provides:

1. The body of each notice reads, in part: "Persuant [sic] to authority contained in Section 6331, Internal Revenue Code of 1954, and by virtue of a levy placed in my hands, for execution, by the District Director of Internal Revenue, Los Angeles, California, I have this date levied upon and seized" the license, which was described by the name of licensee and its number.

2. See: Cal.Bus. & Prof.Code, § 24070; Mollis v. Jiffy-Stitcher Co., 1954, 125 Cal. App.2d 236, 270 P.2d 25; Golden v. State of California, 1955, 133 Cal.App.2d 640, 285 P.2d 49.

3. We do not mean that the Director obtained "possession" in the layman's sense,

"(c) Where not enforced by sale before the filing of a petition * * (1) though valid against the trustee under subdivision (b) of this section, statutory liens, including liens for taxes or debts owing to the United States * * * on personal property not accompanied by possession of such property, * * * shall be postponed in payment to the debts specified in clauses (1) and (2) of subdivision (a) of section 104 of this title * * *."

The debts specified in clause (2) of § 64, sub. a (11 U.S.C.A. § 104, sub. a) include the wage claims here involved. Thus, the wage claims come ahead of the tax liens, unless the latter were "accompanied by possession".

Both parties are now agreed that a California liquor license is "property" subject to a tax lien under 26 U.S.C. § 6321.[2]

Appellant's sole contention is that the District Director did not, by his levy, get "possession" of the license. The claim is that the license is intangible, separate from and not sufficiently represented by the certificate, and not capable of physical seizure or delivery. We agree that the certificate is not the license, and it may be that mere seizure of the certificate would not be enough. But we hold that what was done here was enough.[3] Absence of the certificate, which must be posted "in a conspicuous place upon the licensed premises" (Cal.Bus. & Prof.Code

sometimes embodied in the idea of "physical possession". The law is accustomed to fitting words to the facts to which they must be applied, and must do so even where, as here, it is probable that the lawmakers never envisaged those facts. We think the word should be given a broad meaning—the exercise of control, to the exclusion of others. We think that this is compatible with the intent (if any) of the Congress. The statute refers to intangible property, which is now one of the major forms of wealth in this country. Obviously, such property cannot be physically seized.

§ 24046), would tend to warn a prospective purchaser that the licensee's title might not be good, just as lack of physical possession of an item of tangible personal property would warn a prospective purchaser of that property. Add to this, notice to the owner, which would cause an honest man [4] to warn anyone desiring to buy from him that the United States had levied upon the license. Add also, notice to the Department of Alcoholic Beverage Control, which must consent to the transfer of any license (Cal.Bus. & Prof.Code, § 24070). We think that these three things, together, are sufficient to be equivalent to "possession" of this intangible item of property. We need not consider what the result would have been were any one of them lacking.

█ Appellant has not suggested that anything more could have been done. It suggests an action in a United States District Court, under 26 U.S.C. § 7403, to enforce the lien and subject the property to the payment of the tax. Under that section, a receiver could also be appointed. But what more could the receiver do, in such a case, than the District Director did here? He could serve notices, or a copy of a court order or injunction upon the licensee and the Department, but these things, while they might make it easier to control the actions of the licensee, and perhaps of the Department, would not, in our opinion, give the receiver any greater "possession" than the District Director obtained by his levy. The availability of the procedure authorized by § 7403 does not make it exclusive.[5]

It has been held that other types of intangible personal property, not capable of manual delivery, can be levied upon, under 26 U.S.C. § 6331, and that the tax lien, when the levy is made, then becomes one "accompanied by possession" under 11 U.S.C.A. § 107, sub. c.[6] Eiland involved a levy upon a debt owing to the bankrupt by serving a notice upon the debtor, but the case is closely analogous to the case at bar. As was noted in that case, the District Director did all he could.

█ While it is clear to us that the sufficiency of a levy made by a federal officer under a statute of the United States is a matter of federal law, not state law,[7] our views are strengthened by the fact that, at the time in question, a levy on the license under state law would have been by a procedure quite similar.[8]

What the District Director did here was sufficient to satisfy the purpose of

4. There are, no doubt, many dishonest men, but our legal system, of necessity, assumes that people will act in a lawful and honest manner, even though it also prescribes various sanctions against those who do not.

5. United States v. Eiland, 4 Cir., 1955, 223 F.2d 118, 121; cf. Everts v. Will S. Fawcett Co., 1937, 24 Cal.App.2d 213, 217, 74 P.2d 815.

6. United States v. Eiland, 4 Cir., 1955, 223 F.2d 118, 123–124; cf. Freeman v. Mayer, 3 Cir., 1958, 253 F.2d 295, 298.

7. Hoye v. United States, 9 Cir., 1960, 277 F.2d 116, 119.

8. See Everts v. Will S. Fawcett Co., 1937, 24 Cal.App.2d 213, 74 P.2d 815; Meserve v. Superior Court, 1934, 2 Cal.App.2d 468, 38 P.2d 453, and the California Code sections there cited and discussed. (But see Sunset Realty Co. v. Dadmun, 1939, 34 Cal.App.2d Supp. 733, 88 P.2d 947; Turner v. Donovan, 1944, 64 Cal.App.2d 375, 148 P.2d 912, dealing with garnishments.) Levy upon intangible personal property, not capable of manual delivery, is made by "leaving with the person[s] * * * having in his possession, or under his control, such * * * personal property, a copy of the writ, * * * and * * * a notice that the * * * personal property in his possession, or under his control * * * [is] attached." (Cal.Code Civ.Proc. § 542, subd. 6) Such a levy supports a sale under execution. The law as to levies upon causes of action, involved in the cited cases, has since been changed (Cal. Code Civ.Proc. § 688), and a liquor license is no longer subject to execution under California law (ibid. as amended in 1959), but this does not change the general procedure for levying upon intangibles. We need not consider whether the District Director could make a comparable levy upon a California liquor license today, in spite of the 1959 amendment to Cal.Code Civ.Proc. § 688.

the requirements of the Bankruptcy Act (11 U.S.C.A. § 107, sub. c, supra) as stated in Goggin v. Division of Labor Law Enforcement, 1949, 336 U.S. 118, 127–29, 69 S.Ct. 469, 93 L.Ed. 543. The order appealed from is correct.

Affirmed.