WENTWORTH, Judge.
Appellant seeks review of a post-judgment order declining to discharge him from liability for a $5,000 debt owed to appellee in accordance with prior dissolution and contempt orders. Neither the record nor the order appealed indicates any attempt by the court to give effect to 26 U.S.C. section 6332(d) in this proceeding, and we therefore reverse the order appealed.
Appellant and appellee are divorced. The final judgment dissolving their marriage awarded certain property to appellee. When appellant removed a mobile home from the property, appellee moved for an order of contempt. The court determined that appellee owns the mobile home and that appellant had taken it improperly, causing appellee damages of $5,000. The court found appellant to be in willful contempt and sentenced him to jail unless he purged this decree by paying appellee a total of $5,000 in three monthly installments.
During their marriage the parties incurred a joint indebtedness to the Internal Revenue Service (IRS), which filed tax liens *1009 against each of them. In response to a request for updated financial information, appellant informed the IRS of his $5,000 obligation to appellee. The IRS then notified appellant of its intent to levy on each of the three payments and did so, applying the payments to the parties’ joint tax indebtedness. Appellant’s checks were made payable to both the IRS and appellee. However, appellee was unaware of this arrangement and did not endorse any of the checks. Appellee moved for enforcement of the order for appellant’s incarceration, alleging that he had not complied with the conditions of the contempt order. Appellant argued that his obligation to appellee should be discharged in accordance with 26 U.S.C. section 6332(d), infra. The court declined to impose the sentence, but ordered that appellant’s $5,000 obligation to appellee remains outstanding.
The order indicates that the court applied equitable considerations in refusing to extinguish the debt, in that appellant intended to reduce the parties’ joint tax liability at appellee’s expense. The court appropriately invoked equitable principles in these circumstances. See generally, Berkan v. Brown, 242 So.2d 207 (Fla. 3d DCA 1970). However, it does not appear that the court gave any effect to the provisions of 26 U.S.C. section 6332(d), which state that any person who surrenders levied property to the IRS “shall be discharged from any obligation or liability to the delinquent taxpayer with respect to such property....” Appellant surrendered the ordered payments to the IRS pursuant to levy, and was entitled to seek the benefit of 26 U.S.C. section 6332(d). See Schiff v. Simon & Schuster, Inc., 780 F.2d 210 (2d Cir.1985); Hoye v. United States, 169 F.Supp. 474 (S.D.Cal.1958). While the equities of the present case may militate against completely discharging appellant from the entire $5,000 obligation to appellee, in addressing this issue the court should consider and attempt to equitably effectuate the terms of 26 U.S.C. section 6332(d), to the extent that appellant shows entitlement to credit for payment as between the parties.
The order appealed is reversed and the cause remanded for further proceedings consistent herewith.
SMITH, C.J., and WIGGINTON, J., concur.