BROWN, Appellant,

v.

FORD MOTOR COMPANY et al., Appellees.

[Cite as *Brown v. Ford Motor Co.*, 154 Ohio App.3d 404, 2003-Ohio-4944.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 82359.

Decided Sept. 18, 2003.

Don Brown Sr., pro se.

Baker & Hostetler and Elizabeth A. McNellie, for appellees.

---

FRANK D. CELEBREZZE, JR., Judge.

{¶ 1} The appellant, Don Brown Sr., appeals from the trial court's dismissal of his suit with prejudice for failure to state a claim against Ford Motor Company, appellee, regarding a notice of levy issued by the Internal Revenue Service.

{¶ 2} Brown is an employee of Ford Motor Company ("Ford"). Brown argues in his pro se complaint and pro se appeal that Ford violated Ohio garnishment laws, pursuant to R.C. 2716.01 et seq. Ford garnisheed Brown's wages in compliance with a notice of levy issued by the Internal Revenue Service ("IRS") on January 22, 2002. Brown claims that Ford withheld more than 60 percent of his wages, acting in compliance with the IRS notice of levy, which violated the maximum 25–percent withholding allowed by Ohio law.

{¶ 3} On October 11, 2002, Brown filed a complaint against Ford alleging a breach of his employment contract, conversion, intentional infliction of emotional distress, and violations of the Due Process Clauses of the United States and Ohio Constitutions. Brown sought the recovery of $8,404 paid to the Internal Revenue Service, plus 10–percent interest, attorney fees and court costs, and $1.65 million in compensatory and punitive damages.

{¶ 4} On December 19, 2002, the trial court granted Ford's motion to dismiss for failure to state a claim. The trial court held that Ohio garnishment law does not apply to an IRS levy, and pursuant to Section 6332(E), Title 26, U.S.Code, Ford is discharged from any obligation or liability to the taxpayer (Brown) for surrendering property pursuant to the levy. For the following reasons, we affirm.

{¶ 5} The appellant presents the following assignment of error for review:

{¶ 6} "The trial court committed prejudicial error when it dismissed the action against the appellant when he stated a claim per the facts set forth in the complaint and further denied summary judgment to the appellant."

{¶ 7} A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 605 N.E.2d 378. It is well settled that "when a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584, citing *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753.

{¶ 8} While the factual allegations of the complaint are taken as true, "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots* (1989), 45 Ohio St.3d 324, 544 N.E.2d 639. In light of these guidelines, in order for a court to grant a motion to dismiss for failure to state a claim, it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 327 N.E.2d 753. See, also, *Spalding v. Coulson* (1995), 104 Ohio App.3d 62, 661 N.E.2d 197.

{¶ 9} Since factual allegations in the complaint are presumed true, only the legal issues are presented, and an entry of dismissal on the pleadings will be reviewed de novo. *Hunt v. Marksman Prod., Div. of S/R Indus., Inc.* (1995), 101 Ohio App.3d 760, 762, 656 N.E.2d 726.

{¶ 10} Appellant claims that Ford violated Ohio garnishment laws when it complied with an IRS levy issued against his wages; therefore, Ford should be liable for the amount(s) deducted from his paycheck. Appellant's argument is not well taken.

{¶ 11} In collecting delinquent taxes of a municipal employee, the IRS could follow procedures provided by the Internal Revenue Code and is not required to comply with state laws. *Hoye v. United States* (S.D.Cal., 1958), 169 F.Supp. 474, affirmed in part and dismissed in part (C.A.9, 1960), 277 F.2d 116. Ohio garnishment laws do not apply to IRS levies instituted on an employee's wages; IRS garnishments are governed by the provisions provided in the Internal Revenue Code, Section 6331 et seq., Title 26, U.S.Code.

{¶ 12} Furthermore, an employer is immune from liability to an employee for complying with levies issued by authority of Sections 6331 and 6332. *Burroughs v. Wallingford* (C.A.5, 1986), 780 F.2d 502. If an employer refuses to honor an IRS levy on an employee's wages, the employer is liable for the amount equal to the employee's taxes, plus a penalty of 50 percent; an employee making monthly payments to IRS does not excuse failure of an employer to comply with the levy. Therefore, Ford is given immunity when complying with the terms of an IRS levy.

{¶ 13} The appellant has not raised the issue that Ford did not comply with the Internal Revenue Code or the terms of the IRS levy, nor has he challenged the validity of the IRS levy set against him. Any issue relating to the sufficiency of such a levy is a matter of federal, not state, law. *Div. of Labor Law Enforcement v. United States* (C.A.9, 1962), 301 F.2d 82, 85. Ford need not comply with Ohio garnishment laws when complying with an IRS levy and is further granted immunity for compliance. Therefore, as a matter of law, dismissal of the appellant's claims by the trial court was proper.

Judgment affirmed.

COLLEEN CONWAY COONEY and ANTHONY O. CALABRESSE JR., JJ., concur.